## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

TAMARA MURPHY,

    Plaintiff,

Case No. _____

Honorable _____

CITY OF WARREN,
MICHIGAN, and
OFFICER CHAD
WOLOWIEC, in his
individual capacity,

**JURY DEMAND**

    Defendants.

---

JON MARKO (P72450)
MICHAEL JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / F: (313) 470-2011
michael@markolaw.com

---

## <u>COMPLAINT</u>

    NOW COMES the Plaintiff, TAMARA MURPHY, by and through her attorneys, MARKO LAW, PLLC, and for her Complaint against the above-named Defendants, states as follows:

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Tamara Murphy v. City of Warren, et al*        Michael L. Jones, Esq.
Case No.: -CV-        Jon R. Marko, Esq.

## PARTIES

1.     Plaintiff seeks to hold Officer Chad Wolowiec liable under 42 U.S.C. § 1983 for his infliction of excessive force upon her during a July 26, 2024 traffic stop that culminated in Ms. Murphy being seriously injured.

2.     Plaintiff's § 1983 claim against Officer Wolowiec rests on the Fourth Amendment right to be free from the use of excessive force.

3.     Plaintiff Tamara Murphy is, and was at all times material to this complaint, a citizen of the United States, and a resident of the State of Michigan and the City of Warren, in Macomb County.

4.     Defendant Chad Wolowiec was, and is, a law enforcement officer with the Warren Police Department, Badge Number 37674, and at all material times to this complaint acted under the color of law.

5.     Defendant City of Warren is a municipal corporation organized and existing under the laws of the State of Michigan. The Warren Police Department is a department of the City of Warren. At all material times, the City of Warren and the Warren Police Department acted under the color of law.

## JURISDICTION

6.     This Court has subject matter jurisdiction over the federal claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1343.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Tamara Murphy v. City of Warren, et al*                                    Michael L. Jones, Esq.
Case No.: -CV-                                                                             Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

7.    Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988.

8.    This Court has jurisdiction to issue declaratory and other relief under 28 U.S.C. §§ 2201 and 2202.

9.    Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Warren, County of Macomb, State of Michigan.

## STATEMENT OF CLAIM

10.   On July 26, 2024, at approximately 4:55 p.m., Plaintiff Tamara Murphy was driving her vehicle on Winfield Avenue in Warren, Michigan.

11.   Ms. Murphy's six-year-old son was in the back seat of her vehicle.

12.   Defendant Wolowiec, in his patrol car, followed Ms. Murphy and activated his emergency lights.

13.   Ms. Murphy immediately pulled over to the side of the road at Winfield Avenue and Yacht Avenue.

14.   Ms. Murphy opened her driver's side door and began to exit her vehicle.

15.   Defendant Wolowiec ordered Ms. Murphy to stay in her vehicle.

16.   Ms. Murphy complied and sat back down in her vehicle.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Tamara Murphy v. City of Warren, et al*                                    Michael L. Jones, Esq.
Case No.: -CV-                                                              Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

17.    Defendant Wolowiec approached the vehicle and asked Ms. Murphy for her driver's license and registration.

18.    Ms. Murphy immediately complied and provided her driver's license and registration to Defendant Wolowiec.

19.    Defendant Wolowiec then demanded that Ms. Murphy close her driver's side door.

20.    Ms. Murphy told Defendant Wolowiec that her windows did not work and it was hot in the vehicle.

21.    Ms. Murphy's six-year-old son remained in the back seat.

22.    Ms. Murphy did not make any threats toward Defendant Wolowiec.

23.    Ms. Murphy did not make any hostile remarks toward Defendant Wolowiec.

24.    Ms. Murphy posed no threat to Defendant Wolowiec's safety.

25.    Without warning, Defendant Wolowiec grabbed Ms. Murphy by the arm and neck.

26.    Defendant Wolowiec pulled Ms. Murphy out of her vehicle.

27.    Defendant Wolowiec pushed Ms. Murphy to the ground.

28.    Ms. Murphy's six-year-old son witnessed Defendant Wolowiec push his mother to the ground.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Tamara Murphy v. City of Warren, et al*                     Michael L. Jones, Esq.
Case No.: -CV-                                               Jon R. Marko, Esq.

29. Defendant Wolowiec then pepper-sprayed Ms. Murphy directly in her face.

30. Ms. Murphy screamed that she could not breathe or see.

31. Defendant Wolowiec arrested Ms. Murphy and charged her with obstructing a police officer.

32. Ms. Murphy was taken to the Warren Police Department.

33. The following day, Ms. Murphy went to Corewell Health Beaumont Grosse Pointe Hospital for treatment.

34. Ms. Murphy was diagnosed with a corneal abrasion, multiple contusions, multiple abrasions, and myalgia.

35. Ms. Murphy sustained bruising on her right shoulder, bruising and a scab on her left elbow, and an abrasion on her left ankle.

36. Ms. Murphy required ongoing medical treatment and mental health counseling as a result of Defendant Wolowiec's actions.

37. At the scene, Warren Fire Department personnel washed Ms. Murphy's face.

38. Ms. Murphy was held at the Warren Police Department for approximately two hours before being released.

39. Defendant Wolowiec initiated the traffic stop because he claimed Ms. Murphy was speeding.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Tamara Murphy v. City of Warren, et al*                     Michael L. Jones, Esq.
Case No.: -CV-                                                Jon R. Marko, Esq.

## COUNT I
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983
### *(Against Defendant Chad Wolowiec)*

40.    Plaintiff Tamara Murphy hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

41.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

42.    The Fourth Amendment of the U.S. Constitution protected Ms. Murphy from excessive force.

43.    The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

44.    Defendant Chad Wolowiec is a "person," as defined under 42 U.S.C. § 1983, and as an agent of the City of Warren and the Warren Police Department, was acting under the color of state law at all times relevant to this action.

45.    By grabbing Ms. Murphy by the arm and neck, pulling her from her vehicle, pushing her to the ground, and pepper-spraying her directly in the face, Defendant Wolowiec acted under color of law with deliberate indifference, and violated Ms. Murphy's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Tamara Murphy v. City of Warren, et al*                    Michael L. Jones, Esq.
Case No.: -CV-                                              Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

46.     The severity of the crime at issue was minor, a suspected speeding violation.

47.     Ms. Murphy did not pose an immediate threat to the safety of Defendant Wolowiec or others. Ms. Murphy had no weapon, made no verbal threats to the officer, and her six-year-old son was present in the vehicle.

48.     At the time Defendant Wolowiec grabbed Ms. Murphy, pushed her to the ground, and pepper-sprayed her, Ms. Murphy was not actively resisting arrest or attempting to evade arrest by flight. To the contrary, Ms. Murphy had complied with Defendant Wolowiec's orders.

49.     Ms. Murphy's right to be free from excessive force as described herein was clearly established at the time Defendant Wolowiec used force against her.

50.     Defendant Wolowiec acted intentionally, maliciously, and in reckless disregard of Ms. Murphy's rights.

51.     As a proximate result of Defendant Wolowiec's actions, Ms. Murphy suffered and continues to suffer physical injuries including a corneal abrasion, multiple contusions and abrasions, and pain throughout her body. Ms. Murphy also suffered and continues to suffer emotional suffering, psychological injury, and trauma. Ms. Murphy has been diagnosed with Generalized Anxiety Disorder and Post-Traumatic Stress Disorder, and continues to experience nightmares,

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Tamara Murphy v. City of Warren, et al*                                Michael L. Jones, Esq.
Case No.: -CV-                                                                          Jon R. Marko, Esq.

depression, panic attacks, fear, distrust, and anxiety regarding law enforcement officers.

52. Ms. Murphy is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**COUNT III**
**MONELL LIABILITY IN VIOLATION OF 42 U.S.C. § 1983**
*(Against City of Warren, Michigan)*

53. Plaintiff Tamara Murphy hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

54. Plaintiff has been subjected to a deprivation of her constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

55. The foregoing rights were clearly established at the time of the violations.

56. Defendant City of Warren failed to properly train, authorize, encourage or direct Officer Wolowiec on the proper use of force, including the constitutional limits on the use of pepper spray, the use of force against non-threatening individuals, and the use of force in the presence of children.

57. In the alternative, Defendant Wolowiec acted in conformance with City of Warren policy or practice of imposing unnecessary and excessive force.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Tamara Murphy v. City of Warren, et al*        Michael L. Jones, Esq.
Case No.: -CV-        Jon R. Marko, Esq.

58.     The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including inadequate training, by Defendant City of Warren, acting under the color of its statutory and legal authority, including but not limited to:

    a. Implementing a policy and practice of imposing unnecessary and excessive force and condoning racial profiling;

    b. Improperly training, authorizing, encouraging or directing officers on proper use of force, particularly regarding the deployment of pepper spray, the use of force against non-threatening individuals, and the use of force in the presence of children;

    c. Failing to adequately supervise officers and investigate allegations of excessive force;

    d. Failing to discipline officers for violations of policy related to excessive force, thereby ratifying unconstitutional conduct.

59.     These customs, policies, and practices of the City of Warren and the Warren Police Department, along with improper training, monitoring, instruction, direction, discipline, and supervision, were a moving force in the constitutional violations inflicted by Defendant Wolowiec upon Ms. Murphy.

60.     This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiff's constitutional rights.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Tamara Murphy v. City of Warren, et al*                Michael L. Jones, Esq.
Case No.: -CV-                                           Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

61. Plaintiff's federal constitutional claims are cognizable under 42 U.S.C. § 1983.

62. As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of her rights under the law and, as a result, is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## DEMAND FOR RELIEF

Plaintiff requests that this Court:

a. Assert jurisdiction over this matter;

b. Enter judgment in favor of Plaintiff and against Defendants;

c. Award Plaintiff compensatory and punitive damages;

d. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / Fax: (313) 470-2011
Email: michael@markolaw.com

Date: March 17, 2026

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Tamara Murphy v. City of Warren, et al*                    Michael L. Jones, Esq.
Case No.: -CV-                                                              Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW